UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:19-cv-10839-MWF-MAA  Date: October 22, 2020

Title: Jared Martin v. R. Fisher, Jr.

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| James Muñoz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:　　　Attorneys Present for Defendants:
N/A　　　　　　　　　　　　　　　　　　N/A

**Proceedings (In Chambers):**　　Order re: Filing of Second Amended Petition (ECF No. 14)

On August 27, 2020, the Court received and filed Petitioner's *pro se* petition for writ of prohibition, which the Court liberally construed as an amended habeas petition pursuant to 28 U.S.C. § 2254 ("Section 2254") ("First Amended Petition" ("FAP")). (FAP, ECF No. 12.) The FAP challenged rulings by the Los Angeles Superior Court during Petitioner's state criminal proceedings, which are now on appeal.[1] (*Id.* at 1–9.) Petitioner alleged that "[t]hroughout proceedings held in this matter from arraignment until and after trial [P]etitioner's constitutional rights were violated. In more than a dozen separate incidents, the [trial court] broke the law to obtain an illegal conviction against [Petitioner]." (*Id.* at 3.)

Because the FAP suffered from a number of procedural defects that required resolution before Petitioner could proceed with the action, on September 11, 2020, the Court ordered Petitioner to advise the Court of his position regarding the defects by no later than November 10, 2020 ("September 11, 2020 Order"). (Sept. 11, 2020 Or., ECF No. 13.) The defects were as follows:

- Petitioner had neither paid the $5 filing fee nor requested leave to proceed *in forma pauperis*;

---

[1] Petitioner attached to the FAP several documents filed in his state criminal proceedings. (FAP 9–149.) The Court took judicial notice of the state court proceedings related to the FAP. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2001) (taking judicial notice of "relevant state court documents" because they "have a direct relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

- Petitioner did not use the standard CV-69 form for Section 2254 petitions in this Court;
- Petitioner named a respondent over whom the Court had no personal jurisdiction; and
- The FAP appeared, on its face, to be subject to summary dismissal pursuant to the *Younger* abstention doctrine because it challenges Petitioner's ongoing state criminal proceedings.

(*See generally* FAP; Sept. 11, 2020 Or.)

On September 28, 2020, Petitioner filed another petition on Form CV-69, which the Court construes as Petitioner's Second Amended Petition ("SAP").[2]  (SAP, ECF No. 14.)  He also filed a request to proceed *in forma pauperis* ("IFP Request").  (IFP Request, ECF No. 15.)  On October 16, 2020, the Court granted Petitioner's IFP Request.  (ECF No. 17.)  The SAP names the warden of the institution having custody over Petitioner—R. Fisher, Jr.—as Respondent, and generally asserts the same claims asserted in the FAP.  (*See generally* SAP.)

Without opining on whether the SAP cures the *Younger* abstention defect identified by the September 11, 2020 Order, the Court notes that it, together with the IFP Request, cures the other three defects (filing fee, proper form, and personal jurisdiction).  Still, the SAP raises, for the first time, the issue of whether Petitioner has fully exhausted his claims—an issue not previously identifiable from the FAP.  Setting aside the question of whether the Petition presents cognizable grounds for federal habeas relief, the SAP appears to be **wholly unexhausted**.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts "in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted).  For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court.  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).  A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based."  *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks omitted); *accord Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).  The Court may raise exhaustion issues

---

[2] The Clerk is hereby directed to rename this docket filing (ECF No. 14) as the Second Amended Petition.

*sua sponte* and may summarily dismiss a petition without prejudice on exhaustion grounds. *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *Cartwright v. Cupp,* 650 F.2d 1103, 1104 (9th Cir. 1981).

    Here, the SAP states that Petitioner has presented to the California Supreme Court each of the claims for which he now seeks relief.  (SAP 5–10.)  However, the SAP also indicates that the claims have not yet been heard by the California Supreme Court.  (*Id.* at 4.)  Petitioner must fairly present his claims to the state's highest court before he may maintain a suit in this federal district court.  *See Gatlin*, 189 F.3d at 888.  Exhaustion is not complete where, as here, all of Petitioner's claims were raised in a state habeas petition that remains pending before the California Supreme Court.  *See Smith v. Patton State Hosp.*, No. EDCV 17-0441-JFW-KK, 2017 U.S. Dist. LEXIS 57490, at *4–5 (C.D. Cal. Apr. 12, 2017). Because the Petition is wholly unexhausted, the Petition appears to be subject to summary dismissal without prejudice.  *See* 28 U.S.C. § 2254(b)(1)(A).

    Before the Court recommends dismissal of the action, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust claims in state court.  Petitioner shall respond to this Order to Show Cause in writing by no later than **November 21, 2020**.  Petitioner may discharge the Order to Show Cause by filing one of the following three documents:

    (1) <u>Notice of Dismissal</u>.  Petitioner may file a notice of dismissal of his Petition.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

    (2) <u>Request for *Rhines* Stay</u>.  Petitioner may file a request for a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  If Petitioner elects this option, he must make the requisite showing of good cause for his failure to exhaust his unexhausted claims in state court prior to filing his Petition.  He also must demonstrate to the Court's satisfaction that his unexhausted claims are not plainly meritless—for example, by citing the Supreme Court authority upon which he is relying in support of that claim.  Finally, he must demonstrate to the Court's satisfaction that he has not engaged in abusive litigation tactics or intentional delay.  *See Rhines*, 544 U.S. at 277–78.

    (3) <u>Response to Order to Show Cause</u>.  If Petitioner contends that he has exhausted his state-court remedies, he may explain this clearly in a written response to this Order to Show

Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court. (Petitioner also may indicate that, in the event the Court still finds that the claims are unexhausted, he selects one of the options discussed above.)

**Petitioner is expressly cautioned that failure to respond to this Order by <u>November 21, 2020</u> will result in a recommendation that the Petition be dismissed without prejudice for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A), and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

\* \* \*

It is so ordered.

<u>Attachments</u>
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))