O

# United States District Court
# Central District of California

| | |
|---|---|
| JARED MARTIN,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>Superior Court of California,<br><br>　　　　　Respondent. | Case № **CV19-10839-MWF(MAA)**<br>ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JUDGES MICHAEL F. FITZGERALD AND MARIA A. AUDERO MADE PURSUANT TO 28 U.S.C. §§ 144 [DE-33.] |

## I.　　INTRODUCTION

On December 23, 2019 Petitioner, in pro se, filed a Petition for Writ of Habeas Corpus by One in State Custody pursuant to 28 U.S.C.§ 2254. [DE-1]. In general, Petitioner alleged prosecutorial misconduct in pursuing a case with no victims or complaining witnesses, he contends he is actually innocent, his guilty plea (actually nolo contender) was entered due to ineffective assistance of his counsel who tricked him into admitting his guilt. *Id*. On December 23, 2019 the matter was referred to the calendar of Judge Michael W. Fitzgerald and Magistrate Judge Maria A. Audero [DE-2].

On January 9, 2020 Magistrate Judge Audero issued a detailed Minute Order reciting a number of procedural issues with the Petition which required resolution before the Court could proceed. An OSC was issued which required a response from Petitioner on or before March 30, 2020. [DE-6].

On November 30, 2020, Petitioner filed a Motion to Transfer/Disqualify Magistrate Judge, Response to the OSC, Statement of Facts, Request for Remedy, etc. [DE-25.]. The Motion to Disqualify was originally, and in error, assigned to Judge *James* Fitzgerald [DE-33] but subsequently transferred to this Court for resolution. [DE-34.]¹

On January 6, 2021 Petitioner filed an Affidavit of Bias and Prejudice as part of his Motion to "Disqualify Judge and Judge Magistrate." [DE-30.] It is that filing to which this Court responds.

## II. LEGAL STANDARD

There are two federal statutes enacted to assure that litigants receive a fair trial before an impartial judge, 28 U.S.C.§§144 and 455. Section 455 provides that any judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The section also provides specific examples of situations where a judge's impartiality might be questioned, for example when the judge might have a financial interest that could be affected by the outcome of the matter, or circumstances that if known, might cause a reasonable person to question the judge's impartiality. No facts have been alleged which might give rise to the application of section 455.

Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the

---

¹ Prior to the matter being reassigned to this Court for resolution of the disqualification motion, Judge Fitzgerald issued a Minute Order denying the motion. That Motion has not been withdrawn. Because the motion has been enlarged to include Judge Fitzgerald, section 455 mandates that the motion be addressed by a different judge.

matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

*"The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists*, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith." (Emphasis added.).

Here, the affidavit follows the motion to which it is addressed by five weeks, but nonetheless will be considered as though the motion is brought under section 144. It is in the area of "facts" that the affidavit is woefully inadequate.

### III. NO BASIS FOR RECUSAL HAS BEEN STATED

The Motion is a model of brevity, perhaps too much so. Petitioner would be forgiven for expending a few more pages of explanation so as to informed the Court of the factual basis for the motion and the facts which have led Petitioner to conclude the magistrate and trial judges are biased against him.

"An affidavit filed pursuant to [Section 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source. See *Carignan,* 600 F.2d 762; *Azhocar,* 581 F.2d 735, 738-40. The motion and affidavit filed by Petitioner Martin contain only his conclusions and are devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source. Consequently, the district judge correctly rejected the motion and affidavit as legally insufficient. See *id*.; (*Bennett*, 539 F.2d at 51)." *U.S. vs. Sigla* 624 F.2d 864, 868. (Emphasis added.)

It is against this standard that Petitioner's Affidavit is measured. Petitioner supports his Affidavit of bias by recounting a number of alleged mistakes Judge

Audero made in her Minute Order of February 27, 2020. [DE-6].  He alleges Judge Audero made a number of factual mistakes in reciting the procedural history of the case.   Those facts were taken from the Los Angeles Superior Court's docket.  Petitioner provides no information why the facts as alleged in the Minute Order are erroneous. But on the issue of bias, Petitioner cites the purported mistakes as evidence, indeed his only evidence of bias, on the part of not only Judge Audero, but apparently Judge Fitzgerald as well.  While no mention was made of Judge Fitzgerald in his original motion, he has included the trial judge in his affidavit.  Because of his pro se status, the Court will consider the motion to disqualify as directed at both.

The affidavit of bias is clearly a response to Petitioner's dissatisfaction with Judge Audero's OSC and apparently, one might surmise, with Judge Fitzgerald's Order denying the recusal motion.  Judicial rulings  alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (. . .) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Liteky v. United States,*  510 U.S. 540,555 114 S.Ct. 1147, 1157. (1994)

As almost an afterthought, Petitioner has sprinkled in a reference or two to racial prejudice.  Unexplained is how either judge would be aware of Petitioner's race.  No hearings had been set in the case therefore it is unclear how either judge would have actually seen Petitioner.  Though not clearly stated, it is implied that the rulings made by the judges, with which he disagrees, were motivated by

considerations of Petitioner's race. Mere conclusory allegations do not suffice, [*Liteky v. U.S.*, 510 U.S. 540, 114 S.Ct. 1147(1994)] nor will rumors or gossip, [510 U.S. at 554, 114 S. Ct. at 1157] although the facts may be stated on information and belief. The facts stated "must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment." *Id.* Here, no reasons have been given to challenge either judge's ability to be fair and impartial, and this Court is in no position to evaluate the merits of Petitioner's request for reassignment. Therefore, this Court has no option other than to find the request lacks merit.

### IV.  CONCLUSION

In the final analysis, the Court is unable to articulate a logical reason to conclude there exists any level of bias against Petitioner or favoritism towards another party to the instant litigation. Frankly, attempting to construct a rational argument as to why a judge cannot be impartial in a case is not the role of the Court, but a burden which must be shouldered by the party bringing the motion to disqualify. (28 U.S.C. § 144.) Here, Petitioner has not met that burden.

///
///
///
///
///
///
///

Nothing constructive can come of characterizing the instant motion. Suffice it to say that disconnected conclusory assertions of bias, with literally no factual

support, are insufficient to convince this Court that a prima facie case of bias has been made.  For that reason, the motion is DENIED.

**IT IS SO ORDERED.**

DATED:   January 25, 2021

                                        _____
                                        OTIS D. WRIGHT, II
                                  UNITED STATES DISTRICT JUDGE